UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.     2:12-cr-20-FtM-29SPC

DONTRE REON CRAWFORD
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's *pro se* Plea of Abatement, construed as a motion to dismiss (Doc. #54), filed on July 10, 2012. Defendant seeks to dismiss the Indictment (Doc. #1) because the court lacks jurisdiction over him. Defendant asserts that he is a human being but is not a citizen, does not owe allegiance to the United States or States, is not a resident or domiciled with the United States or States, does not consent to jurisdiction, has not done any act subjecting himself to the jurisdiction of the court, and does not identify himself as a "person." This motion is denied.

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Congress has created district courts in each state, including the State of Florida. 28 U.S.C. § 132(a). It has further divided the state into three judicial districts, provided that Lee County, Florida will be in the Middle District of Florida, and that court shall be held *inter alia* in Fort Myers. 28

U.S.C. § 89(b). Additionally, Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. The Indictment (Doc. #1) charges defendant with such an offense against the laws of the United States, i.e., knowingly possessing a firearm in and affecting commerce after having been convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2.

The Court has personal jurisdiction over defendant because a Warrant For Arrest (Doc. #10) was issued and defendant was brought before the Court (Docs. ## 11, 12) pursuant to the Warrant. Having properly obtained defendant's presence, there is nothing which divests the court of personal jurisdiction. United States v. Arbane, 446 F.3d 1223, 1225 (11th Cir. 2006)("[A] criminal defendant cannot defeat personal jurisdiction by asserting the illegality of the procurement of his presence in the relevant jurisdiction--here, the United States."). While defendant does not view himself as a "person", federal law defines "person" to include individuals, 1 U.S.C. § 1, which includes a natural person or, as defendant characterizes himself, a "human being." Mohamad v. Palestinian Auth., 132 S. Ct. 1702, 1707-08 (2012). There is no requirement that a person be a citizen, resident, or domiciliary of the United States or any State, or that a person owe allegiance to the United States or any State, or that the person consent to jurisdiction before being indicted.

Accordingly, it is now

**ORDERED**:

Defendant's pro se Plea of Abatement, construed as a motion to dismiss (Doc. #54), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Defendant